UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **SUSAN SIMPSON AND JERRY SIMPSON** | * | **CIVIL ACTION NO. 15-2107** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **DOLLAR TREE STORES, INC. D/B/A DOLLAR TREE** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

On July 28, 2015, defendant, Dollar Tree Stores, Inc., removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. # 1]. Federal courts, however, are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id*. Further, when jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

For individual parties, the courts have equated domicile with citizenship. *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). Moreover, "domicile" is not synonymous with "residence;" one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Here, the notice of removal alleges Plaintiffs' residence, but fails to set forth their domicile. [doc # 1, p. 2].

In diversity cases involving corporations, "allegations of citizenship must set forth the

state of incorporation as well as the principal place of business of each corporation." *Getty Oil, supra*; *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). Here, the notice of removal alleges that Dollar Tree Stores, Inc., is a foreign corporation, domiciled in Chesapeake, Virginia; it fails to specifically allege the state of incorporation and the principal place of business of the corporation.

The Plaintiffs have filed a motion to remand, but their motion does not address the insufficiency of the citizenship allegations nor challenge the defendant's claim that the parties are diverse. Therefore, prior to ruling on the motion to remand, the undersigned will give the defendant an opportunity to correct the insufficient allegations.

Accordingly, within the next seven days from the date of this order, removing defendant is granted leave of court to file an amended notice of removal that establishes diversity jurisdiction. *See* 28 U.S.C. § 1653. If defendant fails to so comply, or if subject matter jurisdiction is found to be lacking, then the matter will be remanded to state court.

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 11th day of September 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE