UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| SUSAN SIMPSON AND JERRY SIMPSON | * | CIVIL ACTION NO. 15-2107 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| DOLLAR TREE STORES, INC. D/B/A DOLLAR TREE | * | MAG. JUDGE KAREN L. HAYES |

<u>MEMORANDUM RULING</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Remand  and associated request for attorney's costs and fees, [doc. # 7], filed by

Plaintiffs Jerry Simpson and Susan Simpson.[1] Defendant Dollar Tree Stores, Inc. opposes the

Motion. [doc. # 13]. For the reasons stated below, the motion to remand is **DENIED**, and the

request for fees is **DENIED**.

<u>Background</u>

On July 2, 2015, Plaintiffs, husband and wife, filed suit against Dollar Tree Stores, Inc. in

the Fourth Judicial District Court, Parish of Ouachita. [doc # 1-1, p. 4]. According to Plaintiffs,

Susan Simpson was injured during a robbery on Defendant's premises on November 26, 2014.

*Id.* During the robbery a man with a gun demanded Susan Simpson's purse, struck her in the

head with the gun, knocking her to the ground, took her purse, and escaped through a hole in the

fence gate on the property. *Id.* Susan Simpson began bleeding profusely from the blow to the

head and attempted to re-enter the store by crawling to the front door. *Id.* However, Plaintiffs

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this Ruling is issued under the authority thereof, and in accordance with the standing order of this Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

allege that employees of the Defendant refused to open the door or help her in any manner. *Id.*

Plaintiffs claim that, as a result of the robbery, Susan Simpson suffered loss of property and severe personal injuries. Specifically, Susan Simpson claims: loss of property and money; past, present and future pain and suffering; past, present and future severe mental anguish and distress; past, present and future medical expenses; lost income; and loss of quality and enjoyment of life. *Id.* at 5-6. Plaintiffs further claim that, as a result of this incident, Jerry Simpson suffered past, present and future mental anguish and distress. *Id.* at 6. Jerry Simpson also brings a claim for loss of consortium. *Id.*

On July 28, 2015, Defendant removed the matter on the basis of diversity jurisdiction. [doc. # 1]. On August 17, 2015, Plaintiffs filed the instant Motion to Remand on the basis that defendant has not proved that the amount in controversy exceeds $75,000. [doc. # 7]. Defendant filed its opposition on August 27, 2015. [doc. # 13]. The matter is now before the Court.[2]

## Law and Analysis

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

In this case, Defendant invokes the Court's jurisdiction via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy

---

[2] In response to court order, [doc. # 19], Defendant filed an amended notice of removal. [doc. # 20]. Upon review of the amended pleading, the Court finds that Plaintiff's jurisdictional allegations suffice to establish that the citizenship of the parties are diverse. *See* 28 U.S.C. § 1332.

greater than $75,000. 28 U.S.C. § 1332(a). Plaintiffs do not contest that the parties are diverse;

rather, as mentioned, they dispute Defendant's assertion that the amount in controversy exceeds

the jurisdictional minimum.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the

removal statute now specifies:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by
> section 1332(a), the sum demanded in good faith in the initial pleading shall be
> deemed to be the amount in controversy, except that--
>
>> **(A)** the notice of removal may assert the amount in controversy if the
>> initial pleading seeks–
>>
>>> **(i)** nonmonetary relief; or
>>>
>>> **(ii)** a money judgment, but the State practice either does not
>>> permit demand for a specific sum or permits recovery of
>>> damages in excess of the amount demanded . . . .

28 U.S.C. § 1446(c)(2)(A). When, as permitted above, the amount in controversy is derived from

the notice of removal, the removing defendant must demonstrate by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* § (c)(2)(B);

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("Evidence

establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the

court questions, the defendant's allegation."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th

Cir. 1995) (removing party bears the burden of establishing federal jurisdiction).[3] Removal

cannot be supported by conclusory allegations, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848,

---

[3] When resolving a motion to remand, it is axiomatic that courts look at jurisdictional
facts as they existed when the case was removed. *Asociacion Nacional de Pescadores v. Dow
Quimica*, 988 F. 2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co.
v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (*"ANPAC"*).

850 n.7 (5th Cir. 1999), and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To satisfy the preponderance standard, the removing defendant may either establish that federal jurisdiction is "facially apparent" or demonstrate through "summary judgment-type" evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Courts may consider evidence submitted after removal as long as the amount in controversy at the time of removal was ambiguous and the evidence relates to the amount in controversy at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If the defendant establishes by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiffs then "demonstrate to a legal certainty that they can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Here, Defendant demonstrates by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. First, it is facially apparent that Plaintiffs' claims exceed the jurisdictional minimum. Susan Simpson suffered an injury from a blow to the head with a weapon made with enough force to knock her down to the pavement. [doc. # 1-1, p. 4]. Mrs. Simpson, bleeding profusely from the head wound, crawled to the door of the business, and sought help from the Defendant's employees.  Defendant's employees refused to open the door or to help her in any way. *Id.* The Plaintiffs allege severe physical injuries and medical expenses, as well as mental anguish from the traumatic event. *Id.* The court finds that it is facially apparent that a reasonable trier of fact could award more than $75,000 in damages based

4

on the allegations of the complaint.

Moreover, the Court is permitted to review summary judgment-type evidence submitted after removal that relates to the amount in controversy at the time of removal. In this regard, Defendant presents an email sent to Plaintiffs' counsel and Plaintiffs' counsel's response thereto. [doc. #s 13-1; 13-2]. In the email to Plaintiff's counsel, the Defendant requested that Plaintiff stipulate that the amount in controversy did not exceed $ 75,000, and Plaintiff's counsel refused. *Id.* A plaintiff's refusal to stipulate may constitute evidence that the amount in controversy is in excess of the requisite amount. *See, e.g., Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal–Mart Stores, Inc.*, 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc.*, 837 F.Supp. 751, 752 (M.D. La. 1993). Additionally, the Plaintiffs state that Susan Simpson is still undergoing treatment for her injuries 8 months after the alleged incident. [doc. # 13-2].  In light of the foregoing, the Court finds defendant has borne its burden of establishing that the jurisdictional amount is present. Plaintiffs' motion to remand [Doc. 7] is hereby **DENIED**. Since the motion to remand is denied, Plaintiffs' motion for attorney's fees is hereby also **DENIED**.

In Chambers, Monroe, Louisiana, this 21st day of September, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE