UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SUSAN SIMPSON, ET AL. | CIVIL ACTION NO. 15-2107 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DOLLAR TREE STORES, INC. d/b/a DOLLAR TREE | MAG. JUDGE KAREN L. HAYES |

## RULING

Plaintiffs Susan Simpson ("Mrs. Simpson") and Jerry Simpson ("Mr. Simpson") brought a personal injury suit against Dollar Tree Stores, Inc. ("Dollar Tree") for negligence. Mrs. Simpson alleges that Dollar Tree is liable for damages she incurred as a result of a robbery by an unknown party, which occurred in the parking lot of Dollar Tree. [Doc. No. 1-1, p. 4-5].

Pending before the Court is Dollar Tree's Motion for Summary Judgment [Doc. No. 34]. Dollar Tree argues that Plaintiffs cannot show that it had a duty to protect Mrs. Simpson from the criminal act of the unknown third party. Plaintiffs filed an opposition arguing that there is a genuine issue of material fact for trial whether Dollar Tree had a duty to protect Mrs. Simpson under the circumstances. [Doc. No. 40]. Dollar Tree filed a reply memorandum objecting to the use of exhibits supplied in Plaintiffs' opposition. Dollar Tree further argues that Plaintiffs' evidence in opposition is insufficient to create a duty to protect Mrs. Simpson under the circumstances.

For the following reasons, Dollar Tree's Motion for Summary Judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

I. **FACTS AND PROCEDURAL HISTORY**

On November 16, 2014, Mrs. Simpson was injured during a robbery in Dollar Tree's parking lot. [doc # 1-1, p. 4]. During the robbery an unidentified third party demanded Mrs. Simpson's purse, struck her in the head with a gun, took her purse, and escaped through a hole in the fence on the property. *Id.* Mrs. Simpson began bleeding profusely from the blow to the head and attempted to re-enter the store by crawling to the front door. *Id.*

Plaintiffs claim that, as a result of the robbery, Mrs. Simpson suffered loss of property and severe personal injuries. Specifically, Mrs. Simpson claims loss of property and money; past, present, and future pain and suffering; past, present, and future severe mental anguish and distress; past, present, and future medical expenses; lost income; and loss of quality and enjoyment of life. *Id.* at 5-6. Plaintiffs further claim that, as a result of this incident, Mr. Simpson suffered past, present, and future mental anguish and distress. *Id.* at 6. Mr. Simpson also brings a claim for loss of consortium. *Id.*

II. **LAW AND ANALYSIS**

A. **Summary Judgment Standard of Review**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P.

56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)); *see also Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) ("Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because 'there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'").

    **B.**     **Duty to Protect**

In its Motion for Summary Judgment, Dollar Tree argues that, in order to prevail in this

negligence action, Plaintiffs must show that it had a duty to protect Mrs. Simpson from the acts of a third party. [Doc. No. 34-3]. Dollar Tree asserts that Plaintiffs' action must fail because they cannot show that the armed robbery was foreseeable and, therefore, cannot show that Dollar Tree owed Mrs. Simpson this duty. *Id.* at 4.

"In diversity cases such as these, federal courts must apply state substantive law." *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997)). The Court looks to the decisions of the Louisiana Supreme Court in order to determine state law.

The Supreme Court of Louisiana has held that courts should conduct a balancing test to determine whether a landowner owes a duty to protect patrons from the violent acts of third parties. In *Posecai v. Wal–Mart Stores, Inc.*, the Louisiana Supreme Court explained that:

> The foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty. The greater the foreseeability and gravity of the harm, the greater the duty of care that will be imposed on the business. A very high degree of foreseeability is required to give rise to a duty to post security guards, but a lower degree of foreseeability may support a duty to implement lesser security measures such as using surveillance cameras, installing improved lighting or fencing, or trimming shrubbery.

752 So.2d 762, 768 (La. 1999). The most important factor in performing the balancing test is the "existence, frequency and similarity of prior incidents of crime on the premises." However, the "location, nature and condition of the property should also be taken into account." *Id.* In addition, the balancing test allows courts to consider the

> various moral, social, and economic factors, including the fairness of imposing liability; the economic impact on the defendant and on similarly situated parties;

>the need for an incentive to prevent future harm; the nature of defendant's activity; the potential for an unmanageable flow of litigation; the historical development of precedent; and the direction in which society and its institutions are evolving.

*Id.* at 766. In particular, the *Posecai* court specified that

>[t]he economic and social impact of requiring businesses to provide security on their premises is an important factor. Security is a significant monetary expense for any business and further increases the cost of doing business in high crime areas that are already economically depressed.

*Id.* at 768.

In *Pinsonneault v. Merchs. & Farmers Bank & Trust Co.*, 816 So.2d 270 (La. 2002), the Supreme Court explained its holding in *Posecai*, to-wit:

>As we cautioned in *Posecai*, while the existence, frequency, and similarity of prior incidents of crime on the premises is an important consideration in the duty determination, other factors, such as the location, nature, and condition of the property should also be taken into account. *Posecai* in no way implies, nor should it be interpreted to imply, that a business' duty to protect customers from the criminal attacks of third persons does not arise until a customer is actually assaulted on the premises. To the contrary, *Posecai* recognizes, and we reiterate, that while businesses are generally not responsible for the crime that haunts our communities, "business owners are in the best position to appreciate the crime risks that are posed on their premises and to take reasonable precautions to counteract those risks."

Id. at 277–78 (quoting *Posecai*, 752 So.2d at 768).

The Court finds that applying the *Posecai* factors, and after considering the decision in *Pinsonneault*, Dollar Tree did not have a duty to protect Mrs. Simpson from an armed robbery.

Plaintiffs contend that Dollar Tree is in a high crime area, and numerous offenses and criminal activities have occurred on its premises and surrounding area, including one prior armed robbery. [Doc. No. 40]. Although the store was apparently the site of frequent thefts, there is evidence of only one prior violent crime on the Dollar Tree premises that would have put Dollar

Tree on notice that an armed robbery was likely to occur. [Doc. No. 40-3]. In *Posecai*, the Louisiana Supreme Court held that three previous predatory incidents on store premises in the six and one-half years prior to the robbery at issue did not create a duty to protect customers from the armed robbery. The Supreme Court looked closely at the timing and nature of the incidents and found that only one bore resemblance to the robbery that the plaintiff experienced. *Posecai*, 752 So.2d at 768–69. Here, plaintiffs have provided evidence of one previous crime on Dollar General premises, in December 2010, that resembled the armed robbery of November 16, 2014. [Doc. No. 40-3].

Further, even if, as Plaintiffs' contend, the Dollar Tree is located in a high crime area, such evidence is not dispositive of whether a duty exists to protect customers from third party criminal acts. *See Posecai*, 752 So.2d at 769 (Sam's Wholesale Club owed no duty to protect plaintiff from violent crime in its parking lot though the surrounding area was "heavily crime impacted."). This is particularly true where, as here, Dollar Tree took reasonable precautions to prevent crime by maintaining a lit parking lot and having employees available to walk customers to their vehicle when requested. [Docs. No. 34-4, p. 4; 34-5, p. 3-5; 34-6, p. 2-5].

Because there had only been one previous incident of violence in the parking lot or inside the store that would have prompted Dollar Tree to take any more strenuous security measures, *see e.g. Posecai*, 752 So.2d at 769, under the circumstances, the Court finds that the steps taken by Dollar Tree were reasonable. The Court will not impose a greater duty on Dollar Tree because businesses are not required to assume responsibility "for the endemic crime that plagues our communities, a societal problem that even our law enforcement and other government agencies have been unable to solve." *Id.* at 768.

The Simpsons are unable to establish that they could satisfy their evidentiary burden of proof on this essential element of their claim at trial. Therefore, Dollar Tree's Motion for Summary Judgment is GRANTED.[1]

### III. CONCLUSION

For the reasons set forth in this Ruling, Dollar Tree's Motion for Summary Judgment [Doc. No. 34] is GRANTED, and Mr. and Mrs. Simpson's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 23rd day of March, 2017.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs assert that "[t]he [*Posecai*] inquiry is fact intensive and not amendable to a summary judgment." [Doc. No. 40]. However, the existence of a duty is a question of law, which is decided by the court. *See Posecai*, 752 So.2d at 766 ("In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented."); *see also Pinsonneault*, 816 So. 2d at 276 (La. 2002).